

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### OFFICE OF THE CLERK

| | |
|---|---|
| **David A. O'Toole** | 211 West Ferguson |
| Clerk of Clerk | Tyler, TX 75702 |

October 28, 2021

**Shea Neal Palavan**
The Nielsen Law Firm, PC
9800 Northwest Freeway, Suite 314
Houston, TX 77092

**Klaus H Hamm**
Klarquist Sparkman LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR 97204

In re: Location Services IP, LLC v. Microsoft Corporation
2:15cv438

Dear Counsel and Parties,

The above-mentioned case was previously assigned to Chief Judge Rodney Gilstrap.

Chief Judge Gilstrap informed me that it has been brought to his attention that, while the case was assigned to him, a trust in which his spouse has an interest held stock in Microsoft Corp. The trust's ownership of stock neither affected nor impacted Chief Judge Gilstrap's decisions, if he in fact made any decisions, in this case. However, the trust's stock ownership may have required recusal under the Code of Conduct for United States Judges, and thus, Chief Judge Gilstrap directed that I notify the parties.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on

disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Chief Judge Gilstrap's disclosures regarding this case. Should you wish to respond, please submit your response within the next 30 days. Any response will be considered by another judge of this court without the participation of Chief Judge Gilstrap.

Sincerely,

David A. O'Toole

David A. O'Toole
Clerk of Court